UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

        Plaintiff,

v.

SERNA LANDFAIR, KRISTINE
AUSTIN, and NOAH NAGY,

        Defendants.
_____/

Case No. 22-cv-10186

Paul D. Borman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE CURTIS IVY, JR.'S OCTOBER
17, 2022 REPORT AND RECOMMENDATION (ECF NO. 26);
(2) OVERRULING DEFENDANT KRISTIN AUSTIN, N.P.'S OBJECTIONS
(ECF NO. 28);
(3) GRANTING IN PART AND DENYING IN PART MDOC
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 16);
(4) GRANTING IN PART AND DENYING IN PART DEFENDANT
AUSTIN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 20); AND
(5) DENYING PLAINTIFF'S MOTION FOR AN EVIDENTIARY
HEARING (ECF NO. 23)**

On October 17, 2022, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation to grant in part and deny in part the Michigan Department of Corrections (MDOC) Defendants' motion for summary judgment, grant in part and deny in part Defendant Kristin Austin's motion for summary judgment, and deny Plaintiff Jonathan Roden's motion for an evidentiary hearing. (ECF No. 26, Report and Recommendation.) On October 31, 2022, Defendant Kristin Austin, N.P. filed

an Objection to the Report and Recommendation. (ECF No. 28, Def.s Obj.) Plaintiff did not file a response to that Objection. The Court does not believe that oral argument will aid in its disposition of this objection and motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

The Court, having reviewed the record and conducting a *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which specific and timely objections have been filed, OVERRULES Defendant Austin's Objections, ADOPTS Magistrate Judge Ivy's October 17, 2022 Report and Recommendation, GRANTS IN PART and DENIES IN PART MDOC Defendants' motion for summary judgment, GRANTS IN PART and DENIES IN PART Defendant Austin's motion for summary judgment, and DENIES Plaintiff's motion for an evidentiary hearing, for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Plaintiff's Complaint are set forth in the Magistrate Judge's Report and Recommendation, and will not be repeated here in full. (See ECF No. 26, R&R, PageID.230-33.)

As an overview, on January 19, 2022, Plaintiff Jonathan Roden, an inmate currently confined at the Michigan Department of Corrections ("MDOC") G. Robert

Cotton Correctional Facility (JCF) in Jackson, Michigan, filed a Complaint under 42 U.S.C. § 1983, without the assistance of counsel, against two MDOC employees, Serena Landfair and Noah Nagy (the "MDOC Defendants") and a Corizon Medical provider, Kristine Nagy, alleging violations of his Eighth Amendment rights to the United States Constitution concerning care he received at JCF. (ECF No. 1, Complaint.)

Specifically, Plaintiff alleges he injured his shoulder on August 8, 2021, while attempting to "reposition himself on his bunk," and as a result, his "clavical [sp] was tender" and he "was unable to swallow food." (*Id.* ¶ 10.) Plaintiff was placed in segregation the next day, and he requested medical attention on August 10 through 13, 2021, because he was in pain and unable to swallow. (*Id.* ¶¶ 12-16.) On August 14, 2021, Plaintiff was placed on hunger strike designation, and he submitted a kite that same day addressed to Defendants Landfair and Austin stating "I am not on hunger strike. I can't swallow and I need to be seen by a doctor." (*Id.* ¶ 17.) The next day, Plaintiff sent another kite to Defendant Landfair, and also submitted a grievance about this issue. (*Id.* ¶ 18.) Plaintiff continued to complain to employees that he was not on a hunger strike until he was transferred out of segregation on August 18, 2021, at which time he was seen at the health clinic by Defendant Austin, and then sent to Henry Ford Allegiance Hospital for his shoulder injury. (*Id.* ¶¶ 18, 21-22.)

Plaintiff alleges that Defendants Landfair and Austin placed him on hunger strike designation without an evaluation, and that neither defendant responded to the five kites he submitted while housed in segregation. (*Id.* ¶¶ 20-21.) Plaintiff complains that, as a result of Defendants' deliberate indifference, he lost movement in his right arm, has numbness in his neck, and severe pain in his shoulder. (*Id.* ¶ 23.)

The MDOC Defendants filed a motion for summary judgment based on failure to exhaust administrative remedies. (ECF No. 16, MDOC Mot. S.J.) MDOC Defendants argued that Plaintiff filed two grievances to Step III during the relevant time period – JCF-21-08-1340-28e ("JCF-1341") and JCF-21-09-1454-28j ("JCF-1454") – and that neither grievance properly exhausted Plaintiff's claims because JCF-1341 was rejected for procedural errors, and JCF-1454 is irrelevant to Plaintiff's claims here.

Defendant Austin also filed a motion for summary judgment based on failure to exhaust administrative remedies. (ECF No. 20, Austin Mot. S.J.) Defendant Austin similarly argues that JCF-1341 did not exhaust Plaintiff's claims because of the procedural errors at Step III of the grievance process, and also because (1) she did not become involved with Plaintiff until after he filed the initial grievance, and (2) Plaintiff did not submit a grievance concerning some of his claims for lost

4

movement in his right arm and numbness in his neck, or that Defendant maintains a policy of denying care to save money.

In response to Defendants' two motions, Plaintiff filed a motion for evidentiary hearing, contending that the grievances submitted by Defendants were "manufactured," and that Defendants prevented him from properly exhausting the claims because of the manufactured form. (ECF No. 23, Pl.'s Mot./Resp.)

MDOC Defendants filed a reply in support of their motion for summary judgment, and a response to Plaintiff's motion. (ECF Nos. 24, 25.)

On October 17, 2022, Magistrate Judge Ivy issued a Report and Recommendation to grant in part and deny in part both motions for summary judgment. (ECF No. 26, R&R.) Specifically Judge Ivy recommends that MDOC Defendants' motion be granted as to JCF-1454, but denied as to grievance JCF-1341, because that grievance was not rejected for a procedural error at Step III of the grievance process. Judge Ivy further recommends that Defendant Austin's motion be granted as to Plaintiff's claims that he lost movement in his right arm, has numbness in his neck, has pain in his shoulder, and that the defendants maintained a policy of denying care to save money, because those claims were not exhausted by JCF-1341. However, the Magistrate Judge recommended that Austin's motion be denied as to Plaintiff's complaints regarding Austin's alleged failure to treat him and placing him on hunger strike designation without an evaluation while he was in

5

segregation, finding that Austin's argument that she was not involved in the alleged conduct until August 18, 2021, after Plaintiff filed grievance JCF-1341, is more appropriately addressed in a motion challenging the merits of Plaintiff's claims. Judge Ivy further recommended that Plaintiff's motion for an evidentiary hearing be denied.

On October 31, 2022, Defendant Austin filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 28, Austin Obj.) Defendant Austin contends that the Magistrate Judge erroneously determined that Austin's arguments are more appropriately addressed in a motion on the merits.[1]

Plaintiff did not file a response to Defendant Austin's Objection, and no other Objection has been filed to the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a

---

[1] Defendant Austin misidentifies Magistrate Judge Ivy as "Magistrate" Ivy. The title magistrate no longer exists in the United States Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate … shall be known as United States magistrate judge."). Defendant is reminded to use the correct title, in the future, when referring to Magistrate Judge Ivy.

timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

Before turning to Defendant Austin's specific objection to the Magistrate Judge's Report and Recommendation, the Court will briefly review the governing exhaustion rules.

#### A. The PLRA and MDOC PD 03.02.130

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

Requiring exhaustion allows prison officials a chance to resolve disputes about the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

8

*Id.* at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

MDOC Policy Directive (PD) 03.02.130 (effective March 18, 2019) sets forth the applicable grievance procedures for inmates in MDOC custody at the time relevant to this complaint. (ECF No. 16-2, MDOC PD 03.02.130.) Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, and then may file a Step I grievance about any unresolved issues with a grievance coordinator within five business days of the attempted informal resolution. (*Id.* at ¶¶ Q, W.) If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. (*Id.* at ¶¶ U, DD.) If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same procedure. (*Id.* at ¶¶ U, HH.) The Step III form shall be sent within ten business days after receiving the Step II response, or if no

9

Step II response was received, within ten business days after the date the Step II response was due. (*Id.*)

> B. **Whether the Magistrate Judge Erroneously Determined That Defendant Austin's Argument Regarding Her Involvement in Plaintiff's Care is More Appropriately Addressed in a Motion on the Merits**

Defendant Austin asserts one objection to Magistrate Judge Ivy's Report and Recommendation. (ECF No. 28, Austin Obj.) Defendant Austin states that the sole grievance at issue in this case – JCF-1341 – was received on August 17, 2021, with an incident date of August 13, 2021. Defendant Austin contends that she did not become involved with Plaintiff's medical care until August 18, 2021, "and there are no allegation[s] against N.P. Austin relating to August 13, 2021 in the complaint." (*Id.* PageID.250-52.) Defendant Austin argues that Plaintiff therefore has failed to exhaust his administrative remedies against her, and the Magistrate Judge erred in finding that Defendant Austin's argument as to the timing of her involvement in the Plaintiff's care is more appropriately addressed in a motion challenging the merits of Plaintiff's Eighth Amendment claim. (*Id.*)

As the Magistrate Judge correctly noted, Plaintiff's claim in this case against Defendant Austin is not about Plaintiff's August 18, 2021 encounter with Defendant Austin. Rather, Plaintiff claims that Defendant Austin was deliberately indifferent to his medical needs by not examining his shoulder despite his multiple complaints,

10

including complaints to Defendant Austin, of pain and being unable to swallow food before August 18, 2021. (See ECF No. 1, Compl. ¶¶ 12-20.) Plaintiff alleges:

> 20. Plaintiff was placed on Hunger Strike designation by Defendants Landfair and Austin without evaluation. Plaintiff was never given counseling, asked why he was not eating. Plaintiff was never seen by Health Unit Manager, Defendant Landfair prior to hunger strike designation. Plaintiff was never seen or evaluated by Medical Provider, Defendant Austin prior to being placed on hunger strike designation. Plaintiff sent kites to Defendant Landfair and Defendant Austin explaining his condition and that he 'can't be placed on hunger strike designation because neither of you has come to assess me.' Defendants did not respond. At no time did Defendants Landfair and Austin evaluate Plaintiff face to face.
>
> 21. Plaintiff sent a total of five medical kites, while he was housed in cell I-36, requesting medical attention. Four of the kites indicated Plaintiff could not swallow. Plaintiff told nurses who made rounds and unit officers that he could not swallow. Plaintiff was not provided emergency medical care until August 18, 2021.

(*Id.* ¶¶ 20-21 (citations omitted).)

In Grievance JCF-1341, Plaintiff names Defendant Austin, complains that he sent multiple kites to healthcare between August 11 and 15, 2021 complaining of his shoulder injury causing him to have difficulty breathing and swallowing, and that no one has come to inspect his condition, and that he instead has been improperly placed on hunger strike designation. (ECF No. 1, PageID.44, Grievance JCF-1341.) Drawing all reasonable inferences in Plaintiff's favor, Grievance JCF-1341, on its face, appears to exhaust Plaintiff's claims alleged against Defendant Austin in this case. The Magistrate Judge did not err in stating that Defendant Austin's argument

11

that she was not involved in the alleged conduct until after Plaintiff filed his grievance, and thus whether she could have been deliberately indifferent to Plaintiff's medical needs before that time, is more appropriately addressed in a motion challenging the merits of Plaintiff's Eighth Amendment claim against Defendant Austin.

Accordingly, the Court finds that Defendant Austin's objection is without merit and it is overruled.

## IV.    CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Defendant Austin's Objection (ECF No. 28);

**(2) ADOPTS** Magistrate Judge Ivy's October 17, 2022 Report and Recommendation (ECF No. 26);

**(3) GRANTS IN PART** and **DENIES IN PART** MDOC Defendants' Motion for Summary Judgment (ECF No. 16);

**(4) GRANTS IN PART** and **DENIES IN PART** Defendant Austin's Motion for Summary Judgment (ECF No. 20); and

**(5) DENIES** Plaintiff's Motion for an Evidentiary Hearing (ECF No. 23).

IT IS SO ORDERED.

Dated: January 6, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge